**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: Earnestine Weathersby**
**, Debtor**

**Case No. 24-01114-KMS**
**CHAPTER 13**

# NOTICE

The undersigned counsel for Debtor have filed papers with the court to approve attorney's compensation.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the Application, or if you want the court to consider your views on the Application, then on or before 21 days, you or your attorney must:

File with the court a written request for a hearing at:

U.S. Bankruptcy Clerk
U.S. Bankruptcy Court
Dan M. Russell, Jr., U.S. Courthouse
2012 15th Street, Suite 244
Gulfport, MS 39501

If you mail your request to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to the Debtor' attorney:

The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
(601) 500-5533

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Application and may enter an order granting that relief, which shall sustain this Application for Compensation.

Date: October 14, 2026

Signature: /s/ Thomas C. Rollins, Jr.

Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
PO Box 13767
Jackson, MS 39236
601-500-5533
trollins@therollinsfirm.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: Earnestine Weathersby** **Case No. 24-01114-KMS**
**, Debtor** **CHAPTER 13**

**FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF NECESSARY EXPENSES FOR THOMAS C. ROLLINS, JR.**

COMES NOW, Thomas C. Rollins, Jr., (the "Applicant") attorney for the Debtor, and files this *Final Application for Allowance of Compensation and Reimbursement of Necessary Expenses for Thomas C. Rollins, Jr.* and in support thereof, would respectfully show to this Honorable Court as follows, to-wit:

1. On May 10, 2024, Debtor filed a bankruptcy petition under Chapter 13 of the bankruptcy code.

**FEE AGREEMENT**

2. The Debtor and Thomas C. Rollins, Jr. of The Rollins Law Firm, PLLC (hereinafter "the firm"), have agreed to an hourly billing arrangement in lieu of this Court's standard "no look" fee award. Per said agreement, attorney T.C. Rollins is billed at a rate of $360.00 per hour while attorney Jennifer Calvillo is billed at a rate of $360.00 per hour. Paralegals are billed at a rate of $155.00 per hour. Legal Assistants bill at $100.00 per hour. Said rates are reasonable and in keeping with community custom and standards for attorneys in this area.

3. Throughout its representation of the Debtor herein, Applicant has maintained itemized billing entries which are completed and maintained contemporaneously with the associated service(s) provided.

**RETAINER**

4. The Debtor herein did not provide a retainer.

**FEES PAID TO DATE**

5. The Court previously approved interim compensation in the amount of $2,533.40 (Dk # 22) and $1,570.14 (Dk # 38). Total interim compensation totals $4,123.54.

6. The trustee has disbursed $4,123.54 on this claim as of October 13, 2026.

**ADDITIONAL FEES REQUESTED**

7. None.

8. Waived

**TOTAL FEES FOR FINAL APPROVAL**

1. Applicant requests that the final award of attorneys fees be reduced to $4,123.54, being the amount already having been disbursed by the Trustee. A detailed accounting is attached hereto as Exhibit "B".

**A. LODESTAR ANALYSIS**

**1. The prevailing hourly rate in the community under § 330**

The Applicant requests fees based on the following hourly rates: $360.00 for attorneys, $155.00 for paralegals, and $100.00 for legal assistants.

The hourly rates for attorneys with similar skills and experience as consumer bankruptcy attorneys can vary widely, typically ranging from $200 to $450 per hour. Due to the specialized nature of bankruptcy law, many attorneys are not proficient in this field. However, with 14 years of experience, approximately 4,000 bankruptcy cases filed, board certification in consumer bankruptcy law, and a strong community reputation, Thomas Rollins is well-qualified to command fees at the higher end of this range. Similarly, Jennifer Calvillo, who has 12 years of experience with the same firm, having worked on 90% of those 4,000 cases, holds board certification in consumer bankruptcy law, is highly regarded in the community, and is a partner in her firm, is equally positioned to charge at the upper end of this spectrum. The Applicants' paraprofessionals charge a blended rate of $127.50 per hour, which is within the reasonable range for paraprofessional services.

**2. Reasonable hours expended**

While Chapter 11 lawyers may only be compensated for reasonable time expended that produce a material benefit to the estate, § 330(a)(B) provides that a chapter 13 debtor's attorney can be awarded reasonable compensation for representing the interests of the debtor, based on the benefit and necessity of such services to the debtor and the other factors found in § 330.

The services provided to the Debtor and the expenses incurred by the Applicant were essential for administering the bankruptcy case, safeguarding the Debtor's rights, and fulfilling the Applicant's obligations under the Bankruptcy Code.

An itemization of time is attached as Exhibit "B" and an affidavit of Applicant is attached as Exhibit "C".

**3. Lodestar calculation**

The total lodestar amount is $4,123.54, representing a combined total of 26.9 hours at a blended attorney/paraprofessional rate of 153.29 per hour.

**B. ADJUSTMENTS TO LODESTAR**

After determining the appropriate lodestar amount, the Court must decide whether the application of the § 330 factors and the Johnson factors warrant upward or downward adjustment.

**1. § 330 Factors**

The following § 330 factors were already discussed when determining the lodestar amount:

(A) The time spent on such services.

(B) The rates charged for such services.

(C) Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The remaining §330 factors are discussed below:

(D) Necessity and Benefit of Services.

a. The services rendered were necessary to the administration of the case and were reasonably calculated to benefit the Debtor at the time they were performed. Counsel's work ensured compliance with the Bankruptcy Code, protected the Debtor's interests, and advanced the case toward resolution.
b. This case was dismissed due to changed circumstances beyond the Debtor's control. Regardless of outcome, the services were appropriate and beneficial when rendered.
c. No adjustment is warranted.

(E) Reasonableness of Time Spent.
a. The time expended was reasonable in light of the nature and complexity of the case. Routine matters were handled efficiently, with appropriate delegation to support staff where possible.
b. No adjustment is warranted.

(F) Skill and Experience of Counsel.
a. Counsel is experienced in consumer bankruptcy practice and possesses the skill necessary to represent debtors effectively in cases of this type. This factor is reflected in the hourly rates used in the lodestar calculation.
b. No further adjustment is warranted.

## 2. Johnson Factors

The following *Johnson* factors were already discussed when determining the lodestar amount:

1. The time and labor required.

2. The novelty and difficulty of the questions presented.

3. The skill required to perform the legal services properly.

4. The customary fee in the community.

5. Whether the fee is fixed or contingent.

6. The experience, reputation, and ability of the attorneys.

The remaining *Johnson* factors are discussed below:

7. Preclusion of Other Employment.
   a. Not Applicable.
   b. No adjustment is warranted.

8. Time Limitations.
   a. Any time constraints were typical of consumer bankruptcy practice and do not justify an adjustment.
   b. No adjustment is warranted.

9. Amount Involved and Results Obtained.
    a. The results obtained are reflected in the Court's § 330 analysis above.
    b. No adjustment is warranted.

10. Undesirability of the Case.
    a. While consumer bankruptcy cases require extended commitment and carry inherent risk of nonpayment, these considerations are typical for this area of practice and are reflected in the Lodestar.
    b. No further adjustment is warranted.

11. Nature of Relationship with Client.
    a. The professional relationship with the Debtor was typical for a case of this type.
    b. No adjustment is warranted.

12. Awards in Similar Cases
    a. Compensation requested is consistent with fees awarded in similar cases and reflects reasonable compensation for comparable non-bankruptcy services.
    b. No adjustment is warranted.

WHEREFORE, PREMISES CONSIDERED, Applicant requests that this Court enter an Order awarding reasonable attorneys' fees for the professional services rendered herein and authorizing and directing Debtor to pay said attorneys' fees and expenses. Applicants pray for general relief.

Respectfully submitted

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533

# CERTIFICATE OF SERVICE

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Notice and Application were forwarded on October 14, 2026, to:

By USPS First Class Mail:

Earnestine Weathersby
1553 Simpson Hwy 28 W
Pinola, MS 39149

By Electronic CM/ECF Notice:

Case Trustee

U.S. Trustee

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.